```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KENDALL CHARLES ALEXANDER, SR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 15-6981 (JBS-AMD) |
| v. | |
| ROBERT ORTIZ, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Kendall Charles Alexander, Sr., Plaintiff Pro Se
#24498-037
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

**I.  INTRODUCTION**

Before the Court is Plaintiff Kendall Charles Alexander, Sr.'s ("Plaintiff"), submission of a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Docket Entry 1), alleging racial discrimination arising from Plaintiff's participation in the UNICOR work program of the Federal Bureau of Prisons at FCI Fort Dix. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint shall proceed in part and shall be dismissed in part.

**I. BACKGROUND**

Plaintiff brings this civil rights action against Defendants Robert Ortiz, the United States, the Federal Bureau of Prisons ("BOP"), and UNICOR.[1] (Docket Entry 1 at 1). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff is a convicted and sentenced federal prisoner currently confined at FCI Fort Dix, New Jersey. Plaintiff alleges Ortiz, a factory manager employed by UNICOR, unlawfully discriminated against Plaintiff on account of his race. (Docket Entry 1 at 4-5). Plaintiff indicates that he began working with UNICOR in August 2013 as a mechanic. (Docket Entry 1 at 5). In spite of his experience, Plaintiff alleges Ortiz passed him over for promotion, denied him the ability to work overtime after he filed grievances, and "overlooked" Plaintiff's benefits, longevity, and pay. (Docket Entry 1 at 5). He further alleges

---

[1] UNICOR is the trade name of Federal Prison Industries and is a wholly-owned Government corporation.

that Caucasian mechanics were promoted before Plaintiff, even though they were hired after Plaintiff. Plaintiff also states none of the Caucasian mechanics had to wait as long as Plaintiff did before receiving a promotion. (Docket Entry 1 at 5). Plaintiff also alleges UNICOR employed "illegals" at Fort Dix. (Docket Entry 1 at 4).

Plaintiff asks this Court to reinstate his longevity credit and award him back pay retroactive to the date he should have been promoted. He also requests back pay for overtime opportunities he was unlawfully denied. (Docket Entry 1 at 6). He also requests the Court order UNICOR to "hire more American citizens." (Docket Entry 1 at 7).

## II. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915 and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking redress from a government official.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4

defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**

In *Bivens*, the Supreme Court created a federal counterpart to 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials"), *cert. denied*, 543 U.S. 1049 (2005). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

## III. ANALYSIS

### A. The United States

To the extent Plaintiff seeks relief from the United States, his claim is barred under the doctrine of sovereign immunity. The United States may not be sued without its consent. *Tucker v. Sec'y of Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014); *Perez-Barron v. United States*, 480 F. App'x. 688, 691 (3d Cir. 2012) (citing *Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986)). There being no indication that the United States has consented to being sued, Plaintiff's claims against the United States are therefore dismissed.

### B. The Federal Bureau of Prisons and UNICOR

The Supreme Court has declined to extend *Bivens* liability to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 483-85 (1994). As a federal agency, the BOP is not subject to *Bivens* actions. "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual [federal] officer . . . . [He] may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (citing *Meyer*). The claims against the BOP must be dismissed.

UNICOR is likewise not subject to *Bivens* liability. *Bivens* plaintiffs "may not bring a *Bivens* claim against the officer's employer[,]" *ibid.*, which in Ortiz's case is UNICOR. Plaintiff's claims against UNICOR must also be dismissed.[3]

**C. Equal Protection**

Plaintiff alleges Ortiz unlawfully discriminated against him on the basis of race. While "inmates have no right to a particular job assignment while they are incarcerated, prison officials cannot discriminate against an inmate by making a job assignment on the basis of race." *Williams v. Fed. Bureau of Prisons & Parole Comm'n*, 85 F. App'x 299, 305 (3d Cir. 2004)(internal citation omitted) (citing *Cruz v. Beto*, 405 U.S. 319, 321 (1972)). In order to sufficiently plead an Equal Protection violation of the Fifth Amendment,[4] a plaintiff must allege that: (1) that he is a protected class member and (2)

---

[3] UNICOR is not subject to Title VII of the Civil Rights Act of 1964 as "[i]t is well established that a prisoner is not an employee . . . because the relationship is not one of employment, but arises out of the prisoner's status as an inmate. Similarly, for purposes of Title VII, [Plaintiff's] relationship with UNICOR is one of a prisoner, not an employee." *Wilkerson v. Samuels*, 524 F. App'x 776, 779 (3d Cir. 2013)(citing E.E.O.C. Dec. No. 86-7, *3, 40 Fair Empl. Prac. Cas. (BNA) 1892 (1986)).

[4] The Fifth Amendment does not contain an equal protection clause, but the Supreme Court has construed the Fifth Amendment as containing an equal protection guarantee and applies the same principles to such claims as those arising under the Fourteenth Amendment. *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 316–17 (3d Cir. 2001) (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995)).

7

that he was treated differently from similarly situated persons outside his protected class. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423-24 (3d Cir. 2000).

Although Plaintiff does not specifically state he is a member of a protected class, the Court infers that Plaintiff is a member of a racial minority from the allegation that Caucasian mechanics were promoted ahead of him. He has not sufficiently alleged, however, that those mechanics were similarly situated to him.

"Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008). Plaintiff's complaint indicates that Caucasian mechanics with less seniority than Plaintiff did not have to wait as long for a promotion. (Docket Entry 1 at 5). It contains no facts regarding the other mechanics that would indicate they were similar to Plaintiff in every way other than their race, *e.g.*, their skill level, evaluations, and progress in the UNICOR program. In the absence of such facts, Plaintiff's Equal Protection claim must be dismissed at this time. He may, however, file an amended complaint addressing this deficiency by spelling out his factual allegations that he was at least as well qualified for promotion as the white inmates who were promoted.

**D. Retaliation**

Plaintiff also alleges Defendant Ortiz excluded him from working overtime after Plaintiff filed grievances about his employment. (Docket Entry 1 at 5).

"[R]etaliation for the exercise of constitutionally protected rights . . . 'is itself a violation of rights secured by the Constitution actionable under section 1983.'" *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (quoting *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)). Plaintiff must allege "(1) he engaged in constitutionally protected activity; (2) he suffered, at the hands of a [federal] actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the [federal] actor's decision to take adverse action." *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015).

"[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity." *Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) (per curiam). Although there is nothing inherently unconstitutional about Ortiz determining who among the mechanics would be permitted to work overtime,[5] even a lawful act becomes

---

[5] This is, of course, presuming there was no discriminatory reason for denying Plaintiff the ability to work overtime.

9

unconstitutional if done in retaliation for the exercise of the constitutional right to seek redress. *See Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000) ("Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right.") (internal quotation marks omitted).

Construing all inferences in Plaintiff's favor, Plaintiff has sufficiently alleged Ortiz prevented Plaintiff from working overtime in retaliation for filing grievances about his employment. This claim shall proceed at this time.

### E. Leave to Amend

As Plaintiff may be able to allege facts that would address the deficiencies of his Equal Protection claim as noted by the Court, Plaintiff may move for leave to file an amended complaint. Any motion to amend the complaint must be accompanied by a proposed amended complaint and comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 7.1.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes

10

omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court, such as the claims against the United States, the Bureau of Prisons, and UNICOR.

**IV.  CONCLUSION**

For the reasons stated above, Plaintiffs claims against the United States, the Bureau of Prisons, and UNICOR are dismissed with prejudice as these defendants are either immune from suit or not subject to suit under *Bivens*. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Plaintiff's Equal Protection claim is dismissed without prejudice, and his retaliation claim may proceed at this time. An appropriate order follows.

| | |
|---|---|
|  December 2, 2015  |  s/ Jerome B. Simandle  |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |